UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTINE R. JOHNSON,

    Plaintiff,

v.

MEDICAL BUSINESS BUREAU LLC,

    Defendant.

Case No. 1:19-cv-05814

## **COMPLAINT**

NOW COMES Plaintiff, CHRISTINE R. JOHNSON, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, MEDICAL BUSINESS BUREAU LLC, as follows:

### **NATURE OF THE ACTION**

1. This action is seeking damages for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### **PARTIES**

4. CHRISTINE R. JOHNSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Tinley Park, Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. MEDICAL BUSINESS BUREAU LLC ("Defendant") is a foreign corporation with its principal place of business in Park Ridge, Illinois.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11. On November 15, 2018, Plaintiff was involved in an automobile accident.

12. As a result of the accident, Plaintiff sustained injuries that required medical treatment at Advocate Good Samaritan Hospital.

13. DuPage Emergency Physicians Ltd. rendered services to Plaintiff for these injuries.

14. These services generated certain bills.

15. Those bills, once unpaid, were turned over to Defendant.

16. Those bills are a "debt" as defined by 15 U.S.C. § 1692a(5) as they relate to an *unpaid* obligation to pay money arising out of a transaction in which the medical services which are the subject of the transaction are primarily for personal, family, or household purposes.

17. On June 20, 2019, Defendant placed a phone call to (XXX) 200-6818 in an attempt to obtain payment on behalf of DuPage Emergency Physicians Ltd.

18. Plaintiff informed Defendant that this debt was incurred as result of an automobile accident and she was seeking to recover in personal injury lawsuit.

19. As request of Defendant, Plaintiff provided Defendant with Plaintiff's attorney's contact information in order to verify this lawsuit/provide payment information.

20. Moreover, Plaintiff inquired as to whether Defendant will report this debt to credit reporting agencies.

21. Defendant informed Plaintiff that they will "hold" Plaintiff's account/won't report to credit reporting agencies.

22. Finally, Plaintiff informed Defendant that she would call them – requested that they stop calling.

23. On August 16, 2019, Defendant reported this debt to Experian Information Solutions, Inc. as in Collections with an account balance of $940.00.

24. On August 18, 2019, Defendant reported this debt to Equifax Information Services, LLC as in Collections with an account balance of $940.00.

25. On August 18, 2019, Defendant also reported this debt to Trans Union LLC, as in Collections with an account balance of $940.00.

26. As result, Plaintiff's credit scores decreased by 31 points.

27. Dismayed, Plaintiff phoned Defendant to inquire as to Defendant's reasoning behind reneging.

28. Moreover, Plaintiff requested something in writing regarding this debt.

29. Defendant informed Plaintiff that because Plaintiff "revoked consent" they could not send another letter.

30. Defendant also informed Plaintiff that they will remove credit reporting if Plaintiff agrees to make payment.

31. On August 23, 2019, Plaintiff received another call.

32. Defendant sought to collect payment on behalf of DuPage Emergency Physicians Ltd.

33. Once more, Plaintiff demanded that Defendant stop calling.

34. Defendant's unlawful collection practices have resulted in anguish and distrust and has rendered Plaintiff helpless to gain firm foothold on credit standing/worthiness.

## CLAIMS FOR RELIEF

### Count I:
### Violation of 15 U.S.C. § 1692

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

36. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

37. Defendant violated 15 U.S.C. § 1692e(10) by *falsely* representing to Plaintiff that they will "hold" Plaintiff's account.

38. Defendant violated 15 U.S.C. § 1692e(10) by *falsely* representing to Plaintiff that they will not report Plaintiff's debt to credit reporting agencies.

39. Defendant violated 15 U.S.C. § 1692e(10) by *falsely* representing to Plaintiff that they could not communicate in writing with Plaintiff because she had "revoked consent."

40. Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector

who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

     (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

\*\*\*

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff request the following relief:

A.     find that Defendant violated 15 U.S.C. § 1692e(10);

B.     award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C.     award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.     award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.     award such other relief as this Court deems just and proper.

5

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 29, 2019                                   Respectfully submitted,

**CHRISTINE R. JOHNSON**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
Victor T. Metroff
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com